**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANTOINE GOULD<br>3618 Stanford Place<br>Dayton, Ohio 45046, | ) <br> ) <br> ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| AVERY DENNISON CORPORATION<br>170 Monarch Lane<br>Miamisburg, Ohio 45342, | ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve Also:** | ) ) | |
| AVERY DENNISON<br>CORPORATION<br>c/o CT Corporation System<br>Registered Agent<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219, | ) ) ) ) ) ) ) ) | |
| and, | ) ) | |
| NEIL CAMERON<br>c/o Avery Dennison Corporation<br>170 Monarch Lane<br>Miamisburg, Ohio 45342, | ) ) ) ) ) | |
| and, | ) ) | |
| EDDIE (LAST NAME UNKNOWN)<br>c/o Avery Dennison Corporation<br>170 Monarch Lane<br>Miamisburg, Ohio 45342, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Antoine Gould, by and through undersigned counsel, as his Complaint against Defendants Avery Dennison Corporation, Neil Cameron, and Eddie (Last Name Unknown), states and avers the following:

## PARTIES, JURISDICTION, AND VENUE

1. Gould is a resident of the City of Dayton, Montgomery County, Ohio.

2. At all times herein, Gould was acting in the course and scope of his employment.

3. Avery Dennison Corporation ("Avery Dennison") is a foreign corporation that does business at 170 Monarch Lane, Miamisburg, Ohio 45342.

4. Avery Dennison is and, at all times herein, was an employer within the meaning of 28 U.S.C. § 2000e. *et seq.*

5. Avery Dennison is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

6. Neil Cameron is a resident of the State of Ohio.

7. At all times herein, Cameron was acting in the course and scope of his employment.

8. Cameron is an individual who aided, abetted, or assisted in the discriminatory conduct committed by Avery Dennison.

9. Eddie is a resident of the State of Ohio.

10. At all times herein, Eddie was acting in the course and scope of his employment.

11. Eddie is an individual who aided, abetted, or assisted in the discriminatory conduct committed by Avery Dennison.

12. At all times herein, Eddie was acting in the course and scope of his employment.

13. All of the material events alleged in this Complaint occurred in Montgomery County.

14. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

15. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Gould is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e, *et seq.*

16. This Court has supplemental jurisdiction over Gould's state law claims pursuant to 28 U.S.C. § 1367 as Gould's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

18. Within 300 days of the conduct alleged below, Gould filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2023-01299 against Avery Dennison ("Gould EEOC Charge").

19. On or about November 1, 2023, the EEOC issued a Notice of Right to Sue letter to Gould regarding the Charges of Discrimination brought by Gould against Avery Dennison in the Gould EEOC Charge.

20. Gould received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

21. Gould has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

22. Gould has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

23. Gould is a former employee of Avery Dennison.

24. Gould was hired by Avery Dennison on or about August 12, 2022.

25. Gould was employed by Avery Dennison in the position of Swing Reach Operator.

26. Gould is African American.

27. Gould suffered severe and pervasive racist harassment during the course of his employment at Avery Dennison ("Racist Harassment").

28. The Racist Harassment was based on race.

29. The Racist Harassment was unwanted by Gould.

30. Gould opposed the Racist Harassment.

31. Gould was embarrassed by the Racist Harassment.

32. Gould was offended by the Racist Harassment.

33. A reasonable person would consider the Racist Harassment to be offensive.

34. The Racist Harassment was severe.

35. A reasonable person would consider the Racist Harassment to be severe.

36. The Racist Harassment was pervasive.

37. A reasonable person would consider the Racist Harassment to be pervasive.

38. Alternatively, the Racist Harassment is permitted by Defendants.

39. The Racist Harassment constituted harassment.

40. The Racist Harassment created a hostile work environment based on race.

41. The Racist Harassment caused Gould emotional distress.

42. The Racist Harassment is intolerable in a civilized society.

43. Alternatively, Defendants believe that Racist Harassment is tolerable in a civilized society.

44. On a near daily basis, two Avery Dennison employees, Eddie (Last Name Unknown) and Greg (Last Name Unknown) would follow Gould out to Gould's car in order to harass Gould.

45. Eddie is Caucasian.

46. Greg is Caucasian.

47. On at least one occasion, Eddie called Gould a "nigger" while following Gould to Gould's car ("Racial Slur Incident").

48. Gould replied to Eddie calling Gould a "nigger" by telling Eddie that Gould would report Eddie to Avery Dennison's human resources department.

49. Eddie responded to Gould by telling Gould, "Nigger, I don't care who you tell."

50. After the Racial Slur Incident, Eddie began to baselessly accuse Gould of smoking marijuana ("Racist Accusations").

51. Gould does not smoke marijuana.

52. It is a racist stereotype that African Americans smoke marijuana.

53. Eddie's Racist Accusations that Gould smoked marijuana were based out on Eddie's own racist views on African Americans.

54. Eddie's Racist Accusations that Gould smoked marijuana were part of the Racist Harassment.

55. Multiple similarly situated Caucasian employees were widely known to smoke marijuana on their lunch breaks.

56. Eddie never harassed the Caucasian employees who smoked marijuana.

57. Eddie did not accuse any similarly situated Caucasian employees of smoking marijuana.

58. On or about September 23, 2022, Gould reported the Racist Harassment, Racial Slur Incident, and Racist Accusations to Avery Dennison's human resources department ("Report of Racist Harassment").

59. In response to the Report of Racist Harassment, Defendants failed to take prompt remedial action.

60. In response to Gould's Report of Racist Harassment, on or about September 26, 2022, Neil Cameron suspended Gould's employment ("Suspension").

61. Cameron was Gould's supervisor.

62. Cameron is Caucasian.

63. Cameron did not participate in the decision to hire Gould.

64. Defendants' Suspension was retaliation for the Report of Racist Harassment.

65. Defendants' Suspension was because of Gould's race.

66. By suspending Gould, Defendants made it less likely for a reasonable employee to make a report or oppose conduct like the Racist Harassment.

67. The Suspension constitutes retaliation.

68. The Suspension constitutes race discrimination.

69. Defendants willfully engaged in the Suspension.

70. Defendants intentionally engaged in the Suspension.

71. The Suspension was an adverse action.

72. The Suspension was an adverse employment action.

73. Defendants engaged in the Suspension with the intent to make Gould quit.

74. The Suspension created an unlawfully discriminatory hostile work environment.

75. The Suspension contributed to an unlawfully discriminatory hostile work environment.

76. Less than a week after Gould's Report of Racist Harassment, on or about September 28, 2022, Defendants terminated Gould's employment ("Termination").

77. Defendants have a progressive disciplinary policy.

78. Defendants used a progressive disciplinary policy.

79. Defendants used a progressive disciplinary policy for employees who are not African American.

80. Under the progressive disciplinary policy, Gould had not been given a verbal warning.

81. Under the progressive disciplinary policy, Gould had not been given a written warning.

82. Under the progressive disciplinary policy, Gould had not been given a final written warning.

83. Prior to terminating Gould, Defendants never issued any written communication criticizing Gould.

84. The Termination was retaliation for Report of Racist Harassment.

85. Defendants terminated Gould's employment because of Gould's race.

86. By terminating Gould's employment, Defendants made it less likely for a reasonable employee to make a report or oppose conduct like Racist Harassment.

87. The Termination constitutes retaliation.

88. The Termination constitutes race discrimination.

89. Defendants knowingly skipped progressive disciplinary steps in terminating Gould's employment.

90. Defendants knowingly terminated Gould's employment.

91. Defendants knowingly took adverse employment actions against Gould.

92. Defendants knowingly took adverse actions against Gould.

93. Defendants intentionally skipped progressive disciplinary steps in terminating Gould.

94. Defendants intentionally terminated Gould's employment.

95. Defendants intentionally took adverse employment actions against Gould.

96. Defendants intentionally took adverse actions against Gould.

97. Defendants knew that skipping progressive disciplinary steps in terminating Gould would cause Gould harm, including economic harm.

98. Defendants knew that terminating Gould would cause Gould harm, including economic harm.

99. Defendants willfully skipped progressive disciplinary steps in terminating Gould.

100. Defendants willfully terminated Gould's employment.

101. There was a causal connection between Gould's race and the Termination.

102. As a result of Defendants' unlawful acts, Gould has suffered, and will continue to suffer harm.

### COUNT I : RACE DISCRIMINATION IN VIOLATION OF TITLE VII

103. Gould restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Throughout his employment, Gould was fully competent to perform his essential job duties.

105. Defendants treated Gould differently than other similarly-situated employees based on his race.

106. Defendants violated 28 U.S.C. § 2000e. *et seq.* by discriminating against Gould due to his race.

107. On or about September 28, 2022, Defendants terminated Gould without just cause.

108. At all times material herein, similarly-situated non-African-American employees were not suspended without just cause.

109. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

110. Defendants terminated Gould based on his race.

111. Defendants violated 28 U.S.C. § 2000e. *et seq.* when they terminated Gould based on his race.

112. As a direct and proximate result of Avery Dennison's conduct, Gould has suffered and will continue to suffer damages.

## COUNT II : RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 *et seq*.

113. Gould restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

114. Throughout his employment, Gould was fully competent to perform his essential job duties.

115. Defendants treated Gould differently than other similarly-situated employees based on his race.

116. Defendants violated R.C. § 4112.02(A) *et seq.* by discriminating against Gould due to his race.

117. On or about September 28, 2022, Avery Dennison terminated Gould without just cause.

118. At all times material herein, similarly-situated non-African-American employees were not suspended without just cause.

119. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

120. Defendants terminated Gould based on his race.

121. Defendants violated R.C. § 4112.01 *et seq.* when they terminated Gould based on his race.

122. As a direct and proximate result of Defendants' conduct, Gould has suffered and will continue to suffer damages.

## COUNT III : HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE DISCRIMINATION IN VIOLATION OF TITLE VII

123. Gould restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

124. During his employment with Avery Dennison Corporation, Gould was subjected to offensive and harassing conduct by the Defendants based on his race.

125. Defendants knew or should have known of the harassing conduct against Gould by Eddie.

126. Defendants condoned, tolerated and ratified this harassing conduct.

127. This harassing conduct was severe.

128. This harassing conduct was pervasive.

129. This harassing conduct was offensive to Gould.

130. This harassing conduct interfered with Gould's ability to perform his job duties.

131. Eddie's offensive and harassing conduct created a hostile and/or abusive work environment for Gould.

132. Eddie's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Gould.

133. As a direct and proximate result of Defendants' conduct, Gould suffered and will continue to suffer damages.

### COUNT IV : HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 *et seq*.

134. Gould restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

135. During his employment with Avery Dennison Corporation, Gould was subjected to offensive and harassing conduct by the Defendants based on his race.

136. Defendants knew or should have known of the harassing conduct against Gould by Eddie.

137. Defendants condoned, tolerated and ratified this harassing conduct.

138. This harassing conduct was severe.

139. This harassing conduct was pervasive.

140. This harassing conduct was offensive to Gould.

141. This harassing conduct interfered with Gould's ability to perform his job duties.

142. Eddie's offensive and harassing conduct created a hostile and/or abusive work environment for Gould.

143. Eddie's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Gould.

144. As a direct and proximate result of Defendants' conduct, Gould suffered and will continue to suffer damages.

### COUNT V : RETALIATION IN VIOLATION OF 28 U.S.C. § 2000e. *et seq.*

145. Gould restates each and every prior paragraph of this complaint, as if it were fully restated herein.

146. As a result of Avery Dennison's discriminatory conduct described above, Gould complained about the race discrimination he was experiencing.

147. Avery Dennison's actions were retaliatory in nature based on Gould's opposition to the unlawful discriminatory conduct.

148. Pursuant to 28 U.S.C. § 2000e. *et seq.*, it is an unlawful discriminatory practice to retaliate against an employee for reporting race discrimination.

149. As a direct and proximate result of Avery Dennison's conduct, Gould suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VI : RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

150. Gould restates each and every prior paragraph of this complaint, as if it were fully restated herein.

151. As a result of Avery Dennison's discriminatory conduct described above, Gould complained about the race discrimination was experiencing.

152. Avery Dennison's actions were retaliatory in nature based on Gould's opposition to the unlawful discriminatory conduct.

153. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

154. As a direct and proximate result of Avery Dennison's conduct, Gould suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VII : UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
**(as against Defendant Cameron)**

155. Gould restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

156. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

157. Cameron aided, abetted, incited, coerced, and/or compelled Avery Dennison Corporation's discriminatory termination of Gould.

158. Cameron aided, abetted, incited, coerced, and/or compelled Avery Dennison Corporation's discriminatory suspension of Gould's employment.

159. Cameron aided, abetted, incited, coerced, and/or compelled Avery Dennison Corporation's discriminatory treatment of Gould.

160. Cameron violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

161. As a direct and proximate result of Cameron's conduct, Gould has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VIII : UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
**(as against Defendant Eddie (Last Name Unknown))**

162. Gould restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

163. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

164. Eddie aided, abetted, incited, coerced, and/or compelled Avery Dennison Corporation's discriminatory termination of Gould.

165. Eddie aided, abetted, incited, coerced, and/or compelled Avery Dennison Corporation's discriminatory suspension of Gould's employment.

166. Eddie aided, abetted, incited, coerced, and/or compelled Avery Dennison Corporation's discriminatory treatment of Gould.

167. Eddie violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

168. As a direct and proximate result of Eddie's conduct, Gould has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Antoine Gould respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Avery Dennison Corporation to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Gould for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Gould claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                                        Respectfully submitted,

                                        */s/Trisha Breedlove*_____
                                        Trisha Breedlove (0095852)
                                        Gregory T. Shumaker (0095552)
                                        **SPITZ, THE EMPLOYEE'S LAW FIRM**
                                        1103 Schrock Road, Suite 307
                                        Columbus, Ohio 43229
                                        Phone: (614) 556-4811
                                        Fax: (216) 291-5744
                                        Email: trisha.breedlove@spitzlawfirm.com
                                                               greg.shumaker@spitzlawfirm.com

                                        *Attorneys for Plaintiff Antoine Gould*

## JURY DEMAND

Plaintiff Antoine Gould demands a trial by jury by the maximum number of jurors permitted.

                                         */s/Trisha Breedlove*_____
                                         Trisha Breedlove (0095852)
                                         Greg Shumaker (0095552)

                                         *Attorneys for Plaintiff Antoine Gould*